**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Conlon CU Permit**                                    **Docket No. 2-1-12 Vtec**
**(Appeal of Planning Commission grant of conditional use approval)**

Title: Motion for Summary Judgment (Filing No. 3)

Filed: May 8, 2012

Filed By: Appellants John and Julia Baldwin

Response filed on 5/25/12 by Applicants/Appellees Edward Conlon and Debra Staniscia

Reply filed on 6/1/12 by Appellants

Supplemental reply filed on 6/4/12 by Appellants


___ Granted                    _X_ Denied                    ___ Other


John and Julia Baldwin ("Appellants") have appealed a decision by the Town of Plymouth Planning Commission ("the Commission") granting conditional use approval to Edward Conlon and Debra Staniscia ("Applicants") to subdivide a 13-acre property at 441 Weaver Hill Road in the Town of Plymouth, Vermont and build a 1.5 story building. Appellants have filed for summary judgment, asking the Court to "dismiss[], revoke[] and den[y] in its entirety and with prejudice" Applicants' conditional use application.  (Mot. for Summ. J. 4, filed May 8, 2012).  Applicants oppose Appellants' motion.

We will grant summary judgment to a moving party (here, Appellants) only if that party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  In ruling on a summary judgment motion, the Court is directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment," as long as they are supported by reference to admissible evidence, and to give the non-moving party (here, Applicants) the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c).

In their motion, Appellants argue that Applicants' conditional use application must be denied because Applicants' property is subject to an Act 250 land use permit that restricts Applicants' ability to apply for municipal approval to subdivide and place an additional building on their property.  Appellants' argument addresses the order in which Applicants can receive the permits they need to develop their property—Appellants assert that the conditions attached to the Act 250 land use permit, in conjunction with provisions in the Plymouth Zoning Ordinance ("Ordinance"), prevent Applicant from applying for the conditional use application without first seeking to amend their Act 250 land use permit.  Applicants respond that the Act 250 land use permit does not dictate the order in which they seek the necessary permits.

We do not agree with Appellants' reading of the documents presented to us and, for the following reasons, determine that we must **DENY** Appellants' motion for summary judgment.

First, we note that Appellants have not brought to our attention any provision in 10 V.S.A., Chapter 151 (Act 250) that requires a property owner who is subject to an existing Act 250 land use permit, and who wishes to further develop his or her property, to seek any necessary amendment to the Act 250 land use permit prior to seeking any necessary municipal land use permits. In fact, Appellants have offered no foundation for a conclusion that the legislature intended Act 250 to dictate the timeline in which an applicant can seek a municipal land use permit. See 10 V.S.A. § 6082 ("The permit required under section 6081 of this title [Title 10] shall not supersede or replace the requirements for a permit of any other state agency or municipal government."); <u>Comm. to Save the Bishop's House, Inc. v. Medical Center Hosp. of Vt.</u>, 137 Vt. 142, (1979) ("We will not presume an intention on the part of the Legislature in enacting Act 250 to dilute the authority delegated to the municipalities to regulate land use decisions."). If a timing requirement exists, it must be located in the particular municipality's zoning ordinance.

Here, Appellants point out that Applicants' existing Act 250 land use permit includes a condition that restricts development of Applicants' property to "ONE single family residence" unless "specific authority to construct said [other type dwellings] is requested from and approved by the district office." (Mot. for Summ. J. 2 & Ex. A, filed May 8, 2012.) Appellants argue that the following provision in the Ordinance requires Applicants to seek an amendment to this condition before seeking a conditional use permit from the Commission:

> 1.5 Interpretation
>
> In their interpretation and application, the provisions of this Ordinance shall be held to be minimum requirements. Except for [24 V.S.A. § 4413(c)], and where this Ordinance specifically provides to the contrary, it is not intended to repeal or annul, or in any way impair any regulations or permits previously adopted or issued. However, where this Ordinance imposes a greater restriction than the Vermont statutes with respect to the use of a structure or land, the provisions of this Ordinance shall control.

Ordinance § 1.5.

We do not agree that Ordinance § 1.5 necessitates that Applicants seek an amendment to their Act 250 land use permit prior to applying for a conditional use permit from the Commission. In the context of the pending appeal, § 1.5 simply means that, should this Court determine that Applicants are entitled to a conditional use permit, the grant of that permit would not "repeal, or annul, or in any way impair" Applicants' existing Act 250 land use permit and the restrictions therein. Applicants offer that they intend to apply for an amendment to their Act 250 land use permit after they obtain a conditional use permit. It appears to the Court that Applicants do not appreciate the distinction between obtaining a municipal land use permit for a project and actually implementing the project, a step that may require more than one type of permit approval. We interpret the term in the existing Act 250 land use permit to which Appellants cite to prohibit the latter (implementation), but not the former (obtaining necessary municipal approval).

Because Appellants have pointed to no provision in the Ordinance which prevents Applicants from following their chosen timeline, we **DENY** Appellants' motion for summary judgment.


_____          _____August 30, 2012_____
          Thomas S. Durkin, Judge                              Date
================================================================================
Date copies sent: _____          Clerk's Initials: _____
Copies sent to:
   Appellants John and Julia Baldwin, pro se
   Martin Nitka, Attorney for Applicants/Appellees Edward Conlon and Debra Staniscia
   Frederick M. Glover, Attorney for Town of Plymouth